```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

MARY MONROE,                              CASE NO.:
                                          07-CV-8777(GBD)(MHD)
            Plaintiff,

    -against-

HYUNDAI OF MANHATTAN & WESTCHESTER,
TOYOTA & LEXUS FINANCIAL SERVICES,

            Defendants.

----------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF**
**TOYOTA MOTOR CREDIT CORPORATION'S MOTION TO DISMISS**

SIMMONS, JANNACE & STAGG, L.L.P.
Attorneys for Defendant
TOYOTA MOTOR CREDIT CORPORATION s/h/a
TOYOTA & LEXUS FINANCIAL SERVICES
**Office & P.O. Address**
75 Jackson Avenue
Syosset, New York  11791
(516) 357-8100

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

MARY MONROE,                              CASE NO.:
                                          07-CV-8777(GBD)(MHD)
            Plaintiff,

    -against-

HYUNDAI OF MANHATTAN & WESTCHESTER,
TOYOTA & LEXUS FINANCIAL SERVICES,

            Defendants.

----------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF TOYOTA MOTOR CREDIT CORPORATION'S MOTION TO DISMISS

Plaintiff Toyota Motor Credit Corporation s/h/a Toyota & Lexus Financial Services ("Toyota"), by its attorneys, Simmons, Jannace & Stagg, L.L.P., submits this Memorandum of Law in support of its motion to dismiss this action pursuant to FRCP R. 12(b)(1) and (6), and for such other and further relief as this court deems proper.

### PRELIMINARY STATEMENT

This action should be dismissed as the Court lacks subject matter jurisdiction over the action.  This Court lacks subject matter jurisdiction over the controversy as there is neither diversity jurisdiction nor a federal question.  As plaintiff lives in New York and co-defendant is a New York corporation, they are both New York citizens.  There is no federal question

as plaintiff fails to establish a RICO claim as a matter of law. Further, plaintiff's claim for conspiracy must be dismissed as New York does not recognize an independent cause of action for conspiracy.

**FACTUAL AND PROCEDURAL HISTORY**

On August 15, 2006, plaintiff executed a Retail Installment Contract (the "Contract") with Hyundai of Manhattan to finance her purchase of a 2003 Hyundai Sonata, VIN KMHWF35H03A884749 (the "Vehicle"). See Tarson Affirm., Ex. A. Plaintiff does not deny executing the Contract. The Contract was assigned to Toyota for value and before maturity. The Contract granted Toyota a security interest in the Vehicle which was duly perfected. See Tarson Affirm., Ex. B.

Plaintiff alleges Hyundai of Manhattan and Hyundai of Westchester (collectively, "Hyundai") defrauded her when she entered into the Contract. See Tarson Affirm., Ex. C at ¶¶ 5 and 11. She erroneously alleges that Toyota's repossession of the Vehicle, which occurred as a result of plaintiff's failure to pay, was improper and intended to coerce into paying her contractual obligations. Id. at ¶¶ 27-29. Plaintiff also alleges that Toyota and Hyundai were required, but failed to, void the Contract. Id. at ¶¶ 9, 20.

2

Plaintiff commenced the same action against Hyundai in the Supreme Court of the State of New York on or about September 20, 2006 under index number 06/113492. See Tarson Affirm., Ex. C at ¶ 9 and Ex. D. The status of that action is unknown.

Plaintiff commenced the present action on or about October 11, 2007. See Tarson Affirm., Ex. C.

### ARGUMENT

### POINT I

**THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THERE IS NO DIVERSITY JURISDICTION OR A FEDERAL QUESTION**

A.   DIVERSITY JURISDICTION DOES NOT EXIST AS BOTH PLAINTIFF AND CO-DEFENDANT ARE CITIZENS OF NEW YORK

For the District Court to have subject matter jurisdiction, there must be either diversity jurisdiction or the existence of a federal question. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a).

"[F]or diversity jurisdiction to be available, all of the adverse parties in a suit must be completely diverse with regard to citizenship." E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 930 (2d Cir. 1998) (each and every party represented must be of diverse citizenship). See also Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd., 777 F.Supp. 1153,

1156 (S.D.N.Y. 1991) (pleading patently deficient for failing to allege that complete diversity existed). There is no diversity jurisdiction here because plaintiff and Hyundai are both New York citizens. 28 U.S.C. § 1332(a).

Plaintiff's address is the same on the Contract, Notice of Recorded Lien, and the documents she filed in this action and the Supreme Court action. See Tarson Affirm., Exs. A-D. For the purpose of § 1332(a)(1), an individual's citizenship is determined by her domicile. See Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (diversity did not exist when defendant remained domiciled in New York). A domicile is a person's true or permanent home. Id. In the complaint, plaintiff states that she has resided in New York for approximately thirty-eight years. See Tarson Affirm., Ex. C. Plaintiff is clearly domiciled in New York and, as such, she is a New York citizen.

The complaint alleges that Hyundai of Manhattan does business at "646 Eleventh Avenue, New York, N.Y. 10036" and that Hyundai of Westchester does business at "2423 Central Park Avenue, Yonkers, N.Y." Id. The New York State Department of State Division of Corporations shows that Hyundai of Manhattan and Hyundai or Westchester are both New York corporations. See Tarson Affirm., Ex. E. "[A] corporation shall be deemed to be a citizen of any state in which it is incorporated and of the

4

State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Accordingly, Hyundai is also a citizen of New York.

The lack of diversity of citizenship deprives the Court of subject matter jurisdiction. As such, the action should be dismissed.

B.   THE COMPLAINT DOES NOT RAISE A FEDERAL QUESTION

Plaintiff's claims are clearly rooted in contract law and common law fraud - both of which are causes of action that should be brought in the state court. In a possible attempt to invoke federal jurisdiction, the complaint contains a parenthetical reference to the "Rico Act." See Tarson Affirm., Ex. C at ¶ 18.

Under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), a private party may bring a claim if it was injured by another's pattern of racketeering activity. 18 U.S.C. § 1964(c). To state a claim for a RICO violation, plaintiff must allege:

> (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce.

Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir.1983)

5

(complaint that fails to set forth requisite elements must fail).

Plaintiff's complaint fails to allege any of the elements that must be pled for a RICO claim. The second and third elements require at least two acts of that make up a pattern. 18 U.S.C. § 1961(5). Here, plaintiff's allegations of wrongdoing all arise from the Contract she executed. There was no second act, let alone a pattern.

The fourth element requires an allegation of racketeering. Racketeering activity includes an act or threat "involving murder, kidnapping, gambling, arson, robbery, bribery, extortion." 18 U.S.C. § 1961(1)(A). Racketeering activity may also include acts which are indictable under specified provisions of the United States Code, such as embezzlement of welfare funds, mail fraud, money laundering, obstruction of justice, and witness tampering. 18 U.S.C. § 1961(1)(B).

Common law fraud and conspiracy are not racketeering activities. See Jordan (Bermuda) Inv. Co., Ltd. v. Hunter Green Inv. Ltd., 154 F.Supp.2d 682 (S.D.N.Y. 2001) (common law fraud is not a racketeering activity and cannot serve as a predicate act); Shams v. Fisher, 107 F.Supp.2d 266, 273 (S.D.N.Y. 2000) (same); Jenkins v. Sea-Land Service, Inc., 1993 WL 33406, *5 (S.D.N.Y. 1993) (fraud, conversion, conspiracy and coercion were not racketeering activities pursuant to § 1961(1)). In

6

addition, common contract claims may not be converted into RICO claims.  See Goldfine v. Sichenzia, 118 F.Supp.2d 392, 405 (S.D.N.Y. 2001) (dismissing breach of contract claim that was disguised as a RICO claim).

The lack of a federal question deprives the Court of subject matter jurisdiction.  As such, the action should be dismissed.

## POINT II

### NO CAUSE OF ACTION EXISTS FOR CONSPIRACY

Plaintiff seeks to recover damages resulting as a result of an alleged conspiracy between Hyundai and Toyota to overcharge her.  See Tarson Affirm., Ex. C at ¶¶ 26.  "New York does not recognize the independent tort of conspiracy." Dobies v. Brefka, 263 A.D.2d 721, 722, 694 N.Y.S.2d 499, 501 (3d Dep't 1999) (upholding dismissal of claim for conspiracy to defame). See also Pravda v. County of Saratoga, 224 A.D.2d at 766, 637 N.Y.S.2d at 510-1 (no cause of action exists for conspiracy to commit a tort or conspiracy to commit libel); Charamonte v. Boxer, 122 A.D.2d 13, 13, 504 N.Y.S.2d 182, 182 (2d Dep't 1986) (no independent tort exists for civil conspiracy); Health Delivery Systems, Inc. v. Scheinman, 42 A.D.2d 566, 567, 344 N.Y.S.2d 190, 192 (2d Dep't 1973) (dismissing claim for "tort of conspiracy").

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the court grant Toyota's motion to dismiss the action to the state court pursuant to FRCP R. 12(b)(1) and (6), award Toyota the costs and attorneys' fees it incurred as a result of the removal, and that Toyota be granted such other and further relief as the court may deem just and proper.

Dated:   Syosset, New York
         December 7, 2007

                                      **SIMMONS, JANNACE & STAGG, L.L.P.**
Attorneys for Defendant
Toyota Motor Credit Corporation


By: _Michelle E. Tarson /s/_____
Michelle E. Tarson (mt-2482)
**Office & P.O. Address:**
75 Jackson Avenue
Syosset, New York 11791
Phone: (516) 357-8100

8