USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-1-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

MARY MONROE, :

Plaintiff, :

-against- :

HYUNDAI OF MANHATTAN & WESTCHESTER and TOYOTA & LEXUS FINANCIAL SERVICES, :

Defendants. :

-----------------------------------X

07 Civ. 8777 (GBD)(HBP)

REPORT AND RECOMMENDATION

PITMAN, United States Magistrate Judge:

TO THE HONORABLE GEORGE B. DANIELS, United States District Judge,

I. Introduction

*Pro se* plaintiff, Mary Monroe, alleges that Hyundai of Manhattan, Inc. ("HMI"), Hyundai of Westchester, Inc.("HWI") and Toyota & Lexus Financial Services ("Toyota") fraudulently induced her to refinance her 2003 Hyundai when she attempted to extend her auto repair insurance, thereby violating 18 U.S.C. § 1962(c) of the Racketeering Influenced and Corrupt Organizations Act ("RICO Act"). Monroe also asserts claims for common law fraud as well as conspiracy.

By notice of motion dated January 7, 2008 (Docket Item 24), defendants move for an Order, pursuant to Rule 12(b)(1) and

Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the Complaint.

For the reasons set forth below, I respectfully recommend that defendants' motion to dismiss for lack of subject matter jurisdiction be denied but that the motion to dismiss for failure to state a claim be granted.

## II. Facts

On August 15, 2006, Monroe went to HMI to extend the auto repair insurance contract on her 2003 Hyundai (Complaint ¶ 1). However, in addition to extending her auto repair insurance (Complaint Ex. A), she also executed a new retail installment contract for her car, secured by the car (Complaint ¶ 9). The total principal and interest that Monroe was obligated to pay under this new contract was $23,720.40 (Ex. A to the Affirmation of Michelle E. Tarson, Esq. dated Dec. 26, 2007 which is annexed to Defendants' Notice of Motion dated Dec. 26, 2007 ("Tarson Aff."))[1]. The retail installment contract was assigned by HMI to

---

[1] Plaintiff has not annexed the retail installment contract at issue to the complaint, but I find that it is integral to plaintiff's claim and can, therefore, be properly considered in connection with the motion to dismiss. See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)(contract between parties "integral" to complaint alleging breach and may be considered on a motion to dismiss); see also Barnum v. Millbrook Care Ltd. Partnership, 850 F.Supp. 1227, 1230 (S.D.N.Y. 1994)(finding reference to the full text of a contract on a motion to dismiss appropriate even though the plaintiff had not formally incorporated it by reference).

Toyota (Complaint Ex. E, G, J), making Toyota the principal creditor with a security interest in the plaintiff's car (Complaint Ex. G).

On August 19, 21, and 22, Monroe, personally and through various representatives, went to HMI and sought to rescind the new installment contract and reinstate her original installment contract, but she was unsuccessful in doing so (Complaint ¶¶ 7, 9 and 10). Sometime in September of 2007, plaintiff defaulted in her payments and Toyota repossessed Monroe's Hyundai. Toyota gave plaintiff the options of either (i)purchasing the vehicle outright, by paying the outstanding principal plus any late charges and other miscellaneous fees or (ii) reinstating the retail installment contract by paying the missed installments plus late charges and other miscellaneous expenses (Complaint Ex. J). Toyota's letter further informed Monroe that if she did not choose to take either option, Toyota would proceed to sell the vehicle (Complaint Ex. J). It is unclear from the complaint whether Monroe took any action in response to this notice.

III. Analysis

I shall first address defendants' motion to dismiss for lack of subject matter jurisdiction and then address their argument that the complaint fails to state a claim on which relief

can be granted. Sunrise Indus. Joint Venture v. Ditric Optics, Inc., 873 F. Supp. 765, 769 (E.D.N.Y. 1995) ("Where a Court is asked to rule on a combination of Rule 12 defenses, it will pass on the jurisdictional issues before considering whether a claim is stated in the complaint."); see also Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir. 1963)(en banc)("[L]ogic compel[s] initial consideration of the issue of jurisdiction . . . a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim . . . ."); Darby Trading Inc. v. Shell Int'l Trading & Shipping Co., 07 Civ. 0400 (KMK)(GAY), 2008 WL 852787 at *4 (S.D.N.Y. Mar. 31, 2008).[2]

A. Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction

The standards applicable to a motion to dismiss for lack of subject matter jurisdiction have been comprehensively set forth by the Honorable Denise L. Cote, United States District

---

[2] Monroe's complaint does not conform to the pleading requirements of Rule 8(a)(1) of the Federal Rules of Civil Procedure which require that the complaint have "a short and plain statement of the grounds of the courts jurisdiction". However, the plaintiff is proceeding pro se and Rule 8(e) of the Federal Rules of Civil Procedure encourages a construction of the pleadings in a manner that will do justice. See Sinacore v. N.Y. Dep't of Corr. Servs., 95-CV-1248, 1995 WL 760660 at *3 (N.D.N.Y. Nov. 27, 1995) (Court overlooked pro se plaintiff's failure to comply with Rule 8(a)(1) when the federal question was clear from the face of the complaint). Accordingly, I shall disregard the complaint's formal defects.

Judge, in Cromer Finance Ltd. v. Berger, 137 F. Supp.2d 452, 467 (S.D.N.Y. 2001):

> In assessing a motion to dismiss for lack of subject matter jurisdiction, a court must "accept as true all material factual allegations in the complaint," Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)), but refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. (citing Norton v. Larney, 266 U.S. 511, 515, 45 S.Ct. 145, 69 L.Ed. 413 (1925)). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000). Where jurisdiction is "so intertwined with the merits that its resolution depends on the resolution of the merits," the court should use the standard "applicable to a motion for summary judgment" and dismiss only where "no triable issues of fact" exist. London v. Polishook, 189 F.3d 196, 198-99 (2d Cir. 1999) (citation omitted); see also Europe and Overseas Commodity Traders, S.A. v. Banque Paribas London, 147 F.3d 118, 121 n.1 (2d Cir. 1998).

(alteration in original); see also Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997); Espada v. New York Bd. of Elections, 07 Civ. 7622 (SAS), 2007 WL 2588477 at *2 (S.D.N.Y. Sept. 4, 2007). The party asserting that the court has subject matter jurisdiction bears the burden of proving the court's jurisdiction. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990); Overton v. N.Y. State Div. of Military & Naval Affairs, 373 F.3d 83, 93 (2d Cir. 2004); Bd. of

Educ. v. N.Y. State Teachers Ret. Sys., 60 F.3d 106, 109 (2d Cir. 1995).

1. Diversity Jurisdiction

28 U.S.C. § 1332 grants district courts subject matter jurisdiction when the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. See 28 U.S.C. § 1332; see also Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990) ("It is well established that for a case to come within [§ 1332] there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). Where, as here, a party is a corporation, it is deemed to be a citizen of the state in which it is incorporated and the State in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Monroe is a New York State resident and I shall assume she is a citizen of New York. Given her pro se status, plaintiff does not properly allege the citizenship of the corporate defendants. Nevertheless, the website of the New York State Department of State indicates that Hyundai of Manhattan, Inc. and Hyundai of Westchester, Inc. are both incorporated under the laws of New York.[3] Thus, because Monroe and defendants HMI and HWI are

[3] NYS Department of State Corporation and Business Entity Database, http://appsext8.dos.state.ny.us/corp_public/corp-search.entity_search_entry (last visited Jul. 28, 2008)

all citizens of New York State, the complete diversity needed for federal diversity jurisdiction is lacking. See Dieter v. MFS Telecom, Inc., 870 F.Supp. 561, (S.D.N.Y. 1994)(no diversity jurisdiction found in breach of contract claim where plaintiff and one of the defendants were both residents of New York).

2. Federal Question Jurisdiction

Defendants' motion to dismiss for lack of subject matter jurisdiction is based on their argument that plaintiff has failed to state a viable civil claim under RICO and, therefore, her claims cannot be said to arise under federal law.

Defendant's argument is not persuasive. Federal question jurisdiction is not dependent on the existence of a valid federal claim. Town of West Hartford v. Operation Rescue, 915 F.2d 92, 99-100 (2d Cir. 1990) ("[A] case that cannot survive a motion to dismiss for failure to state a claim upon which relief can be granted . . . may nonetheless properly be in federal court."). Rather, to establish federal question jurisdiction, a plaintiff need only allege a "colorable" federal claim. Savoie v. Merchants Bank, 84 F.3d 52, 57 (2d Cir. 1996) ("As long as the federal claim is colorable, a court properly assumes jurisdiction over the subject matter of the suit."). As the Court of Appeals has explained:

> Because of the more-than-occasional difficulties involved in parsing a claim alleging federal question

> jurisdiction to determine whether it fails to state a claim or fails to meet jurisdictional requirements, the federal courts have followed a general practice of granting jurisdiction in most cases and dismissing for lack of subject matter jurisdiction only under narrow circumstances. In the words of Professor Moore,
>
> > if a federal statute upon which a claim is premised is interpreted to be inapplicable, it could be argued that the plaintiff has failed to present a federal question and thus subject matter jurisdiction is absent. However, the courts have uniformly held that in such instances the preferable practice is to assume that jurisdiction exists and proceed to determine the merits of the claim pursuant to [Rule 12b(6)] or Rule 56.
>
> 2A James W. Moore et al., Moore's Federal Practice ¶ 12.07[2.-1], at 12-60 (2d ed. 1995). That is, in cases where the asserted basis for subject matter jurisdiction is also an element of the plaintiff's allegedly federal cause of action, we ask only whether -- on its face -- the complaint is drawn so as to seek recovery under federal law or the Constitution. If so, then we assume or find a sufficient basis for jurisdiction, and reserve further scrutiny for an inquiry on the merits. Spencer v. Casavilla, 903 F.2d 171, 173 (2d Cir. 1990); Goldman v. Gallant Sec., Inc., 878 F.2d 71, 73 (2d Cir. 1989) (per curiam); Lewis v. Knutson, 699 F.2d 230, 237 (5th Cir. 1983). This approach preserves the exception set forth in The Fair [v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)] and Bell v. Hood, [327 U.S. 678, 682-83 (1946)], permitting the court to dismiss for lack of subject matter jurisdiction -- even if a federal claim is asserted on the face of the complaint -- where the federal question "is so plainly insubstantial as to be devoid of any merits and thus [does] not present[] any issue worthy of adjudication." Giulini v. Blessing, 654 F.2d 189, 192 (2d Cir. 1981) . . . .

Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Accord Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 701 (2d Cir. 2000) ("Federal question jurisdiction exists whenever the complaint states a cause of

action under federal law that is neither 'clearly . . . immaterial and made solely for the purpose of obtaining jurisdiction' nor 'wholly insubstantial and frivolous.'"), quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946). See also AVC Nederland B.V. v. Atrium Inv. P'ship, 740 F.2d 148, 152-53 (2d Cir. 1984) ("[W]hen the contested basis of federal jurisdiction is also an element of plaintiff's asserted federal claim, the claim should not be dismissed for want of jurisdiction except when it appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." (internal quotation marks omitted)).

Whether a putative federal claim is so devoid of merit that dismissal for lack of subject matter jurisdiction is appropriate is a question of degree. See St. Vincent Health Center v. Shalala, 937 F. Supp. 496, 501 (W.D. Pa. 1995), aff'd mem., 96 F.3d 1434 (3rd Cir. 1996) (suggesting the difference is one of degree); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1350 at 226-29 & n.49 (2d ed. 1990). "The threshold to withstand a motion to dismiss under [Rule] 12(b)(1) is . . . lower than that required to withstand a Rule 12(b)(6) motion." Lunderstadt v. Colafella, 885 F.2d 66, 70 (3rd Cir. 1989). Dismissal for lack of subject matter jurisdiction is appropriate only where the putative federal claim is "so insubstantial, implausible, foreclosed by prior decisions of the

United States Supreme Court, or otherwise completely devoid of merit as not to involve a federal controversy." Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974).

As discussed below, I conclude that plaintiff has failed to state a civil RICO claim and that her complaint should, therefore, be dismissed. Nevertheless, I also conclude that the complaint is not so frivolous that dismissal for lack of subject matter jurisdiction is warranted. Thus, to the extent defendants seek dismissal of the complaint for lack of subject matter jurisdiction, their motion should be denied.

B. Motion to Dismiss
   Pursuant to Rule 12(b)(6)

The standards applicable to a motion to dismiss pursuant to Rule 12(b)(6) are also well-settled and require only brief review.

> When deciding a motion to dismiss under Rule 12(b)(6), [the court] must accept as true all well-pleaded factual allegations of the complaint and draw all inferences in favor of the pleader. See City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493, 106 S.Ct. 2034, 90 L.Ed.2d 480 (1986); Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977) (referring to "well-pleaded allegations"); Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). "'[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'" Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)). The Court also may consider "matters of which judicial notice may be taken."

> Leonard T. v. Israel Discount Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) (citing Allen v. WestPoint--Pepperill, Inc., 945 F.2d 40, 44 (2d Cir. 1991)). In order to avoid dismissal, a plaintiff must do more than plead mere "[c]onclusory allegations or legal conclusions masquerading as factual conclusions." Gebhardt v. Allspect, Inc., 96 F. Supp.2d 331, 333 (S.D.N.Y. 2000) (quoting 2 James Wm. Moore, Moore's Federal Practice ¶ 12.34[a] [b] (3d ed. 1997)).

Hoffenberg v. Bodell, 01 Civ. 9729 (LAP), 2002 WL 31163871 at *3 (S.D.N.Y. Sept. 30, 2002); see also In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007); Johnson & Johnson v. Guidant Corp., 06 Civ. 7685 (GEL), 2007 WL 2456625 at *4 (S.D.N.Y. Aug. 29, 2007). "The appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claim." Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005).

The Supreme Court in Bell Atlantic Corp. v. Twombly, --- U.S. ---, ---, 127 S.Ct. 1955, 1965 (2007) held that, in order to survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff need not provide detailed factual allegations, but the factual allegations asserted must be "enough to raise a right to relief above the speculative level . . . ." See also Impulse Mktg. Group, Inc. v. Nat'l Small Bus. Alliance, Inc., 05 Civ. 7776 (KMK), 2007 WL 1701813 at *4 (S.D.N.Y. June 12, 2007). In doing so, the Court expressly disavowed the oft-cited pleading standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bell Atlantic Corp. v. Twombly, supra, 127 S.Ct. at 1959-60.

The Second Circuit has interpreted Bell Atlantic Corp. v. Twombly as "requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)(emphasis in original); accord Bensman v. Whitman, 523 F.3d 119, 129 (2d Cir. 2008) (Pursuant to Twombly, "if a claim [is] not plausible, it would have to be supported by an allegation of some subsidiary facts to survive a motion to dismiss."); Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008); see also Wellnx Life Scis. Inc. v. Iovate Health Scis. Research, Inc., 516 F. Supp.2d 270, 283 (S.D.N.Y. 2007); Mazzaro de Abreu v. Bank of Am. Corp., 06 Civ. 673 (LMM), 2007 WL 2609535 at *3 n.10 (S.D.N.Y. Sept. 10, 2007).

Where, as here, a plaintiff proceeds pro se, the complaint is held to a less stringent standard than those drafted by attorneys and must be liberally construed to raise the strongest claims that the allegations suggest. Haines v. Kerner, 404 U.S. 519, 520 (1972); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Nevertheless, the "Court [] is not obliged to reconcile plaintiff's own pleadings that are contradicted by other matter asserted or relied upon or incorporated by reference by a plaintiff in drafting the complaint." Fisk v. Letterman, 401 F. Supp.2d 362, 368 (S.D.N.Y. 2005); see also Matusovsky v. Merrill Lynch, 186 F. Supp.2d 397, 399-400 (S.D.N.Y. 2002)(noting that in analyzing a motion to dismiss pursuant to Rule 12(b)(6) a court may consider "documents attached to the complaint as exhibits . . . . If a plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss" (citations omitted)).

1. RICO Claim

18 U.S.C. § 1964(c) creates a civil claim in favor of "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). RICO can be violated by different types of conduct. 18 U.S.C. §§ 1962(a),(b),(c) and (d). Because plaintiff's complaint does not specifically identify the particular RICO violation upon which this action is brought, I shall construe the complaint to allege the RICO violation that most clearly fits plaintiff's allegations. Bell v. Hubbert, 95-CV-10456 (RWS), 2007 WL 60513 at *2-*3 (S.D.N.Y. Jan. 8, 2007); see also Weixel v. N.Y.C. Bd. of Educ., 287 F.3d 138, 145-6 (2d Cir. 2002).

Plaintiff does not allege the use of funds obtained through a pattern of racketeering activity to invest in or develop an enterprise (§ 1962(a)), nor does she allege the acquisition of an enterprise through a pattern of racketeering activity (§ 1962(b)). The only remaining violations are conducting the affairs of an enterprise through a pattern of racketeering activity (§ 1962(c)) or conspiring to violate subsections (a)-(c) of section 1962 (§ 1962(d)). Here, Plaintiff alleges more than an agreement or a conspiracy to defraud; she alleges that she was the victim of a consummated fraud. Of the nine paragraphs in the complaint which contain material allegations against the defendants, six involve allegedly fraudulent contract terms that were discovered after the contract's execution while the remaining three paragraphs allege a theft of property with subsequent demands for money. The gravamen of the plaintiff's complaint points more towards completed acts of fraud rather than mere conspiracies or agreements to engage in racketeering activity. Therefore, I construe the complaint as attempting to allege a violation of 18 U.S.C. § 1962(c), which makes it unlawful for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. . . ." 18 U.S.C. § 1962(c).

To state a civil RICO claim based on a violation of section 1962(c), "a complaint must plausibly allege: (1) [the] conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Rambarran v. Mount Sinai Hosp., 06-CV-5109 (DCF), 2008 WL 850478 at *5 (S.D.N.Y. March 28, 2008), quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985).

In order to allege a "pattern" of racketeering, the underlying instances of racketeering activity -- the "predicate acts") -- must meet standards of relatedness and continuity. H.J. Inc. v. Northwestern Bell, 492 U.S. 229, 240 (1989). The relatedness requirement may be satisfied by showing that the predicate acts "have the same or similar purposes, results, participants, victims or methods of commission or otherwise are interrelated by distinguishing characteristics." H.J. Inc. v. Northwestern Bell, supra, 492 U.S. at 240. The continuity requirement may be satisfied either by showing that a series of predicate acts extended over a "substantial period of time" (a "closed-ended" pattern) or demonstrating that the predicate acts pose an ongoing, continuing threat of criminal conduct (an "open-ended pattern"). Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 183 (2d Cir. 2008). Furthermore, the Second Circuit has "never held a period of less than two years to constitute a 'substantial period of time.'" Cofacrèdit, S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229, 242 (2d Cir.1999) (emphasis

omitted); see also Spool v. World Child Int'l Adoption Agency, supra, 520 F.3d at 184 (Absent a "complex, multi-faceted conspiracy", conduct persisting for a period of less than two years has never been found to be sufficient to establish closed-ended continuity.).

The predicate acts necessary to constitute a pattern of "racketeering activity" are defined by the statute as, inter alia, "any act which is indictable under any of the following provisions of title 18, United States Code: . . . sections 891-894 (relating to extortionate credit transactions). . . section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud). . . ." 18 U.S.C. 1961(1)(b).

The plaintiff's complaint does not allege any actions on behalf of Toyota, HMI or HWI that even come close to a pattern of racketeering activity. Plaintiff signed a contract which stated its terms conspicuously and had the words "Retail Installment Contract" printed in bold on the contract itself (Tarson Aff. Ex. A). Furthermore, the case law in this Circuit has also consistently held that common law fraud, negligent misrepresentation and conversion are not acts of racketeering activity for the purposes of RICO. See Shams v. Fisher, 107 F.Supp.2d 266, 273 (S.D.N.Y. 2000) ("common law fraud and conversion. . .are not acts of racketeering activity under RICO"); see also Jenkins v.

Sea-Land Service, Inc., No. 92 Civ. 2380 (PKL), 1993 WL 33406, *5 (S.D.N.Y. Feb. 4, 1993) (none of the acts alleged -- fraud, conversion, conspiracy, and coercion -- was racketeering activity pursuant to § 1961(1)). Therefore, plaintiff's claims regarding defendants' actions are insufficient to support the conclusion that defendants were engaged in racketeering activity, as defined by the statute.

However, assuming arguendo that sufficient predicate acts of racketeering activity are alleged, Monroe alleges only a single act of fraud directed at her. Therefore, the acts of fraud allegedly committed by Toyota and HMI represent only a single instance of such activity, falling far short of the "pattern" required by RICO. With respect to continuity, Monroe alleges that the conspiracy and fraud occurred from August 15, 2006 up until August 22, 2006. Within this period of seven days she both signed the contract and repeatedly attempted to cancel the contract. Again, assuming arguendo that the actions of the defendants are racketeering activities, four days is an insufficient span of time to establish any type of continuity, closed-ended or open-ended, under RICO. Even if one extends the time frame to Toyota's acquisition of Monroe's vehicle in September of 2007, the period in question is less than 13 months, and is still insufficient to constitute a pattern. Spool v. World Child Int'l Adoption Agency, supra, 520 F.3d at 184 (finding even a sixteen

month period of time as insufficient to establish closed-ended continuity). Thus, even under the most liberal reading of the complaint, the plaintiffs' allegations fall short of establishing either closed-ended or open-ended continuity.

Because Monroe has failed to allege at least two material elements of a substantive RICO offense, her RICO claim should be dismissed.

2. Remaining Claims

Since I recommend that plaintiff's federal claim be dismissed and there is no independent basis for subject matter jurisdiction for her state-law claims, I also recommend that her claims for conspiracy and common law fraud be dismissed without prejudice as a matter of discretion. See Carnegie Mellon Univ. V. Cohill, 484 U.S. 343, 250 n.7 (1988); see also Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008).

IV. Conclusion

Accordingly, for all the forgoing reasons I recommend that (1) defendants' motion to dismiss for lack of subject matter jurisdiction be denied, (2) defendants' motion to dismiss plaintiff's RICO claim be granted for failure to state a claim on which relief can be granted and (3) plaintiff's remaining state-

law claims be dismissed without prejudice as a matter of discretion.[4]

V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report to file written objections. See also Fed.R.Civ.P. 6(a) and 6(d). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, District Judge, United States District Court for the Southern District of New York, 500 Pearl Street, Room 630, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. FAILURE TO OBJECT WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.

---

[4] Defendants also make a superficial application for attorneys' fees, unsupported by either an articulated legal theory or evidence. Because defendants do not make any attempt to explain how they are entitled to attorneys' fees their application for fees should also be denied.

1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
August 1, 2008

Respectfully submitted,

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Ms. Mary Monroe
709 F.D.R. Drive #8E
New York, New York 10009

Michelle E. Tarson, Esq.
Simmons, Jannace & Stagg, LLP
75 Jackson Avenue
Syosset, New York 11791

Brian J. Casey, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Wall Street Plaza
88 Pine Street, 24th Floor
New York, New York 10005