**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARY MONROE,

                        Plaintiff,

     -v-

HYUNDAI OF MANHATTAN &
WESTCHESTER and TOYOTA & LEXUS
FINANCIAL SERVICES,

                        Defendants.

ORDER
07 Civ. 8777 (GBD)(HBP)

GEORGE B. DANIELS, District Judge:

      Pro se Plaintiff Mary Monroe sued Hyundai of Manhattan, Inc. and Hyundai of Westchester, Inc. (collectively "Hyundai") and Toyota and Lexus Financial Services ("Toyota"), claiming that the defendants fraudulently induced her to refinance her vehicle when she attempted to extend her auto repair insurance. Plaintiff alleges violation of 18 U.S.C. § 1962(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"). She also brings claims for common law fraud and conspiracy under state law. Defendants move to dismiss under Rule 12(b)(1) and 12(b)(6). The Court referred this matter to Magistrate Judge Pitman for a Report and Recommendation ("Report"). Magistrate Judge Pitman issued a Report recommending that defendant's motion to dismiss for lack of subject matter jurisdiction be denied, but that defendant's motion to dismiss plaintiff's federal civil RICO claim for failure to state a claim be granted. In addition, the magistrate judge recommended that plaintiff's state law claims be dismissed without prejudice as a matter of discretion. The Report's recommendation to dismiss plaintiff's federal RICO claim is adopted.

      The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to

which objections are made.  Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c).  It is not required, however, that the Court conduct a de novo hearing on the matter.  See United States v. Raddatz, 447 U.S. 667, 676 (1980).  Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made.  Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)).  When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record."  Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).  In his report, Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Neither party filed objections to the Report and the time to do so has expired.

Magistrate Judge Pitman determined that plaintiff's complaint alleges a type of RICO violation that claimed defendants' participation in the conduct of an enterprise's affairs through a pattern of racketeering.  The magistrate judge found that "plaintiff's complaint does not allege any actions on behalf of [defendants] that even come close to a pattern of racketeering activity." (Report at 16).  He noted that "[p]laintiff signed a contract which stated its terms conspicuously and had the words 'Retail Installment Contract' printed in bold on the contract itself."  Id. Further, Magistrate Judge Pitman concluded that plaintiff's claims based on common law fraud and conspiracy did not constitute acts of racketeering.  Further, the magistrate judge correctly concluded that, even if plaintiff sufficiently alleged acts amounting to racketeering activity, the

single incident, namely, signing the retail installment contract, would not amount to a "pattern." Magistrate Judge Pitman properly determined that regardless of whether the relevant time frame is, as alleged, the seven day period, during which plaintiff signed, and then attempted to cancel, the contract, or the 13 month period, during which Toyota repossessed the vehicle, following plaintiff's failure to make required payments, the factual allegations in the complaint fail to establish the required level of continuity.

After carefully reviewing the Report, the Court finds that the report is not facially erroneous. Accordingly, the Court adopts the Report and for the reasons stated therein, the defendant's motion to dismiss plaintiff's complaint is granted for failure to state a claim on which relief can be granted. Plaintiff's state law claims are dismissed without prejudice.[1]

Dated: November 12, 2008
New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[1] The Court also adopts the Report's recommendation to deny Defendant's application for attorney's fees.